UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Glen Johnson, Timothy Gillen, Kyle Jones, Steven Hall, James Hansen, Don Odermann, James Lenart, and Bill Patt as Trustees of the Operating Engineers Local #49 Health and Welfare Fund, Michael R. Fanning as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Joseph Ryan, Bruce Carlson, Glen Johnson, Frank Frattalone, Lee Hiller, Tony Phillippi, Greg Waffensmith, Mark Ryan, as Trustees of the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, <br><br> Plaintiffs, <br><br> vs. <br><br> County Line Excavating L.L.C. and Travis Neyssen individually <br><br> Defendants. | Case No. 13-CV-577 (MJD/LIB) <br><br><br><br><br><br><br><br> **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR <u>ENTRY OF JUDGMENT</u>** |

This matter came on for hearing before the undersigned on November 22, 2013 on Plaintiffs' Motion for Entry of Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb,

1

Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1.  Plaintiffs filed the Summons and Complaint in this matter on March 13, 2013. The Summons and Complaint were personally served upon the Defendants on March 14, 2013.

2.  The Defendants County Line Excavating L.L.C. ("County Line Excavating") and Travis Neyssen ("Neyssen") failed to file and serve a response or Answer to the Complaint.

3.  The Clerk entered default on April 9, 2013.

4.  Plaintiffs are Trustees of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

5.  The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

6.  The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

7.  County Line Excavating accepted and agreed to be bound to the terms of a collective bargaining agreement one between the Associated General Contractors of Minnesota, Highway, Railroad, and Heavy Construction Division, and the International

Union of Operating Engineers, Local No. 49 covering the period of May 1, 2011 through April 30, 2013 ("Collective Bargaining Agreement").

8. Neyssen executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement").

9. The Welfare Participating Agreement provides that County Line Excavating and Neyssen shall contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the terms of the Agreement and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Trust Agreement").

10. By executing the Welfare Participating Agreement, Neyssen agreed to bind both County Line Excavating and himself individually to the full and faithful performance of the Welfare Participating Agreement.

11. The Collective Bargaining Agreement and Welfare Trust Agreement require County Line Excavating and Neyssen to make monthly contributions to the Funds, not later than the fifteenth day of the following month, in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

12. The Collective Bargaining Agreement and Welfare Trust Agreement further require County Line Excavating and Neyssen to calculate the contributions due and owing to the Funds in any given month on a report form which must be submitted to the Funds with County Line Excavating's and Neyssen's monthly contribution payment.

13. The Collective Bargaining Agreement states that an employer shall be considered delinquent for a particular month if the required remittance report and payment are not postmarked on or before the fifteenth day of the following month.

14. County Line Excavating and Neyssen breached the terms of the Collective Bargaining Agreement and Welfare Trust Agreement by failing to submit the reports and contributions due and owing for the period of September 2012 through June 2013 ("Delinquency Period").

15. Following the filing of this lawsuit, County Line Excavating and Neyssen submitted remittance reports and payroll information for the Delinquency Period. The Funds' Auditor reviewed that information and created an invoice setting forth the amounts due and owing for the Delinquency Period.

16. Pursuant to the untimely submitted reports and payroll information, $101,644.55 is due and owing for delinquent contributions. Of this amount, $48,083.35 is due and owing solely to the Operating Engineers Local #49 Health and Welfare Fund.

17. County Line Excavating and Neyssen submitted a partial payments in the amount of $24,045.58, for which they are entitled to a credit. Following application of the credit, $77,598.97 remains due and owing for the Delinquency Period. Of that amount, $36,708.50 remains due and owing solely to the Operating Engineers Local #49 Health and Welfare Fund.

18. The Collective Bargaining Agreement and Welfare Trust Agreement state that if an employer becomes delinquent, the employer shall be required to pay as liquidated damages an amount equal to 15 percent of the payment otherwise due.

19. Liquidated damages in the amount of $15,246.68 are due and owing for

the Delinquency Period.  Of that amount, $7,212.50 is due and owing solely to the Operating Engineers Local #49 Health and Welfare Fund.

20. The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

### **CONCLUSIONS OF LAW**

1. County Line Excavating and Neyssen are in default and the Funds are entitled to entry of a default judgment.

2. County Line Excavating is liable to the Funds in the amount of $92,845.65 for delinquent contributions and liquidated damages for the Delinquency Period, of which $43,921.00 is owed jointly and severally with Neyssen.

3. Neyssen is liable in the amount of $43,921.00 for delinquent contributions and liquidated damages due and owing solely to the Operating Engineers Health and Welfare Fund for the Delinquency Period.

4. County Line Excavating and Neyssen are jointly and severally liable to the Funds in the amount of $3,208.15 for attorneys' fees and costs.

### **ORDER**

Based on the foregoing, and on all the files, records, and proceedings, herein IT IS ORDERED THAT:

1. Plaintiffs' Motion for Entry of Judgment is GRANTED.

2. That judgment in the amount of $96,053.80 be entered against the Defendant County Line Excavating, L.L.C. and in favor of the Plaintiffs, and that

judgment in the amount of $47,129.15 be entered against the Defendant Travis Neyssen and in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:   December 4, 2013                           s/ Michael J. Davis
                                                                  The Honorable Michael J. Davis
                                                                  United States District Court Judge

690396.DOC